An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAMAR LUNDY JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63852

FILED

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery causing substantial bodily harm. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

First, appellant Lamar Lundy Johnson contends that the State breached the terms of the guilty plea agreement by implicitly and explicitly advocating for a harsher sentence. Because Johnson failed to object, we review for plain error. *Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507 (2009).

In determining whether the State breached the terms of a guilty plea agreement, the State is "held to the most meticulous standards of both promise and performance," *Kluttz v. Warden*, 99 Nev. 681, 683, 669 P.2d 244, 245 (1983), and "[t]he violation of either the terms or the spirit of the agreement requires reversal," *Sullivan v. State*, 115 Nev. 383, 387, 990 P.2d 1258, 1260 (1999). The guilty plea agreement in this case provided that the State would recommend probation in exchange for Johnson's plea; however, if Johnson was arrested for new criminal

14-31092

charges, the State was free to argue for any legal sentence. Prior to sentencing, Johnson was arrested for domestic battery. At sentencing, the State informed the district court that it was "sticking to" the terms of the agreement and would not be exercising its discretion to argue for any legal sentence, but proceeded to argue for a sentence greater than probation. We conclude that the State did not breach the terms of the agreement because it had the discretion to argue in this manner and clearly exercised that discretion despite asserting that it was not. And even assuming otherwise, Johnson fails to demonstrate plain error because the record makes clear that the prosecutor's argument did not influence the district court's sentencing decision. *See Mendoza-Lobos*, 125 Nev. at 644, 218 P.3d at 507.

Second, Johnson contends that the district court abused its discretion at sentencing by considering his domestic violence arrest. Johnson requests this court to adopt a bright-line rule prohibiting the district court from considering subsequent arrests at sentencing. "A district court is vested with wide discretion regarding sentencing," and "[f]ew limitations are imposed on a judge's right to consider evidence in imposing a sentence." *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996). However, "this court will reverse a sentence if it is supported *solely* by impalpable and highly suspect evidence." *Id.* Here, the record reflects that Johnson was sentenced for his role in the instant offense and his apparent lack of remorse; the district court only considered Johnson's domestic violence arrest when evaluating whether the State was entitled to argue for any legal sentence. We conclude the district court did not

abuse its discretion and we decline to impose a bright-line rule prohibiting the consideration of subsequent arrests.

Having considered Johnson's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                      Cherry

cc:  Hon. Scott N. Freeman, District Judge
     Suzanne M. Lugaski
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A